# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1- 10, John Doe Individuals 1-10,<br><br>   Defendants. | No. 2:18-cv-01022<br><br>Magistrate Judge Patricia L. Dodge |
| Carla Austin and Nil Leone, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>Invention Submission Corp. d/b/a InventHelp, Western Invention Submission Corp. d/b/a Western InventHelp, Intromark Incorporated, and Technosystems Service Corporation,<br><br>   Defendants. | No. 2:19-CV-01396<br><br>Magistrate Judge Patricia L. Dodge |
| Geta Miclaus and Vim and Kevin Byrne, on behalf of themselves and all other persons similarly situated,<br><br>   Plaintiffs,<br>  v. | No. 2:20-cv-681<br><br>Magistrate Judge Patricia L. Dodge |

| | |
|---|---|
| Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp. d/b/a Western InventHelp, Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10,<br><br>Defendants. | |

## <u>CLASS ACTION SETTLEMENT AGREEMENT</u>

This Class Action Settlement Agreement (the "Agreement") is made and entered into as of the date of the last signature to the Agreement (the "Settlement Date"), by and between Plaintiffs Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone (collectively, "**Plaintiffs**" or "**Class Representatives**"), individually and as proposed representatives on behalf of the Settlement Class defined below; Invention Submission Corporation d/b/a InventHelp, Western Invention Submission Corporation d/b/a Western InventHelp, Technosystems Consolidated Corporation, Technosystems Service Corporation, Intromark Incorporated, Universal Payment Corporation, and Robert Susa (collectively, the "**InventHelp Defendants**"); and Thomas Frost, P.A. and Thomas Frost (the "**Frost Defendants**") (the InventHelp Defendants and Frost Defendants are together referenced herein as the "**Defendants**" and all parties are together referenced herein as the "**Parties**").

## RECITALS

WHEREAS, in the Litigation (defined below), Plaintiffs, individually and on behalf of the Settlement Class defined below, allege claims against Defendants for violation of the American Inventors Protection Act, 35 U.S.C. § 297(b), and for breach of contract, and assert

that Defendants failed to perform invention promotion services as promised, and misrepresented those services;

WHEREAS, Plaintiffs, through their counsel, have conducted a thorough investigation of the facts and law relating to the claims alleged in the Litigation and, without conceding that any of Plaintiffs' claims lack merit, have concluded that it is in the best interests of Plaintiffs and the proposed Settlement Class to settle the Litigation on the terms set forth herein, and that the Settlement set forth in this Agreement is fair, reasonable, and adequate, taking into account all relevant circumstances;

WHEREAS, while Defendants deny Plaintiffs' allegations in the Litigation and deny that they are or may be liable for any of the claims asserted in the Litigation, they enter into this Agreement solely to avoid the further expense, inconvenience, and distraction of protracted discovery and further proceedings in the Litigation, and do so without any express or implied admission of fact or liability;

WHEREAS, the Parties engaged in extensive, difficult, complex, and arm's-length negotiations regarding this Settlement over an extended period of time, and the Settlement was achieved only after numerous mediation sessions, including two full-day sessions overseen by an experienced mediator, the Hon. Diane Welsh (Ret.) of JAMS, a former U.S. Magistrate Judge, and, more recently, another full day session overseen by the Court-assigned mediator, the Hon. Lisa Pupo Lenihan, a current U.S. Magistrate Judge, who also oversaw the negotiations between the Parties that followed their mediation session;

WHEREAS, the Settlement takes into account all facts and circumstances relating to the Litigation including the InventHelp Defendants' finances, as confidentially disclosed to Plaintiffs

during the mediation process overseen by the Hon. Diane Welsh (Ret.) and, ultimately, Judge Lenihan;

WHEREAS, the Parties agree that this Agreement shall not be deemed to be or construed as an admission, concession, or evidence of any violation of any federal or state statute, regulation, rule, or other law, or principle of common law or equity, or of any liability or wrongdoing by Defendants;

WHEREAS, the Parties desire and intend by this Agreement to settle finally and completely, and effectuate a final and complete resolution of the Released Claims (defined below) of all Settlement Class Members, and in exchange for the meaningful consideration set forth herein to be provided by the Defendants, to provide for a complete, full, and final release of the Released Claims in favor of the Released Parties (defined below);

NOW, THEREFORE, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree that the claims asserted in the Litigation shall be settled, compromised, released, and dismissed on their merits with prejudice, according to the following terms and conditions:

## A. **DEFINITIONS**

1. As used herein, the following terms have the meanings set forth below.

2. The term "**Allowed Claim**" means a Claim submitted by a Claimant that the Settlement Administrator determines to be timely, complete, and eligible pursuant to Section F below.

3. The term "**Appellate Courts**" refers to the United States Court of Appeals for the Third Circuit and the Supreme Court of the United States.

DocuSign Envelope ID: 4EE341C5-1C5F-4AA3-8110-8B89970AB43F

4.     The term "**BIP Agreement**" means the InventHelp Defendants' Basic Information Package Agreement offered by certain of the InventHelp Defendants ("Basic Information Package").

5.     The term "**BIP Agreement Customers**" means the Settlement Class Members who signed a BIP Agreement and did not enter into a Submission Agreement.

6.     The term "**BIP Agreements Fully Paid**" means BIP Agreements that were fully paid as of November 19, 2021. 29,478 BIP Agreements fall into this category.

7.     The term "**BIP Agreements Not Fully Paid**" means BIP Agreements that were not fully paid (*i.e.*, currently paying, marked as "cancelled," or "charge-offs") as of November 19, 2021. 7,404 BIP Agreements fall into this category.

8.     The term "**Claim**" means a request for relief made by a Claimant via the submission of a Claim Form to the Settlement Administrator pursuant to Section F below.

9.     The term "**Claimant**" means a Settlement Class Member who makes a request for relief via the submission of a Claim Form to the Settlement Administrator pursuant to Section F below.

10.     The term "**Claim Form**" means the form approved by the Court for use by Claimants to submit Claims pursuant to this Agreement, substantially in the form of Exhibit 1 hereto.

11.     The term "**Claim Period**" means the time period of sixty (60) days from the Notice Date, during which verified Claim Forms must be postmarked (if sent by U.S. Mail or hard copy delivery) or submitted electronically within the Claim Period to be considered timely.

12.     The term "**Claims Process**" refers to the process for the submission and determination of Claims submitted by Settlement Class Members, as specified in Section F of this Agreement.

13.     The term "**Class Counsel**" means Shanon J. Carson, Peter R. Kahana, and John "Quinn" Kerrigan of Berger Montague PC, and Julie Pechersky Plitt and Marc S. Oxman of Oxman Law Group, PLLC, and the term "**Lead Class Counsel**" means Shanon J. Carson and Peter R. Kahana of Berger Montague PC who were previously appointed as Interim Lead Class Counsel by the Court.

14.     The term "**Class Representatives**" means Plaintiffs Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone.

15.     The term "**Counsel for Frost Defendants**" means Frank Stoy of Pietragallo Gordon Alfano Bosick & Raspanti, LLP.

16.     The term "**Counsel for InventHelp Defendants**" means David Garraux, Christopher Verdini, Jennifer Nagle, and Jessica Moran of K&L Gates LLP.

17.     The term "**Court**" means the United States District Court for the Western District of Pennsylvania.

18.     The term "**Data Bank**" means InventHelp's database of companies that have registered with InventHelp to receive InventHelp customers' submission materials on an ongoing basis.

19.     The term "**Defendants**" means the InventHelp Defendants and Frost Defendants.

20.     The term "**Effective Date**" means the following: (i) if there are no objectors to the Settlement and the Court does not modify the terms of this Settlement Agreement via the Final Approval Order, the date following the issuance of the Court's Final Approval Order and

Judgment; or (ii) if there are any objectors to the Settlement or the Court modifies the terms of

this Settlement via the Final Approval Order, and no appeal is filed, the day after the expiration

of the deadline for appealing the Final Approval Order and Judgment; or (iii) if there are any

objectors to the Settlement or the Court modifies the terms of this Settlement via the Final

Approval Order, and an appeal is filed, the day after the Final Approval Order and Judgment

have been affirmed in their entirety by the Appellate Court of last resort to which such appeal

has been taken, and such affirmance is no longer subject to further appeal or review.

     21.    The term "**Enhanced Processes**" means the following six (6) measures to be

implemented by the applicable InventHelp Defendants within 30 days of the Effective Date

(except as set forth below), to be paid for by the InventHelp Defendants outside of the Gross

Settlement Fund defined below, and to exist for a period of at least five years from the Effective

Date:

     a.    Employ a customer care team to address complaints by Settlement Class

Members on a timely basis, and retain a searchable electronic record of any and all such

complaints and the InventHelp Defendants' responses;

     b.    Prepare and implement a written policy for the InventHelp Defendants

stating that they will utilize commercially reasonable best efforts to maintain and use with

maximum possible accuracy the InventHelp Defendants' Data Bank, such that: (a) the Data Bank

is up to date and that names, addresses, and contact information are correct and active; (b) any

currently registered Data Bank company is an ongoing and active business that desires to receive

the submissions; (c) the registered Data Bank companies selected to match a SUB Customer's

invention are companies interested in reviewing inventions and ideas that are relevant to that of

the SUB Customer; and (d) the InventHelp Defendants have not submitted the same invention

more than once to the same Data Bank company, provided that the InventHelp Defendants can submit an idea to multiple contacts at the same company;

        c.      Implement a customer outreach program to follow up on customers' satisfaction level regarding the InventHelp Defendants' services using commercially reasonable methods for testing and analyzing customer satisfaction;

        d.      Modify the content of its advertising, including television, radio, print, and online advertising, to remove from their advertising the names of companies, if any, that have not registered in its Data Bank to receive client inventions;

        e.      Prepare and implement a written policy prohibiting the use of issuing temporary license agreements for the purpose of inflating the figures required by AIPA 35 U.S.C. § 297 (a)(3) and (4); and

        f.      Prepare and implement a written policy for the InventHelp Defendants stating that they will issue written disclosures to customers prior to a customer entering into a Submission Agreement identifying the estimated timetable for the InventHelp Defendants (or any of them) to complete each of the services they will provide under the Agreement.

22.      The term "**Eligible Claimant**" means a Claimant who has submitted a Claim Form determined by the Settlement Administrator to be timely, complete, and eligible pursuant to Section F below.

23.      The term "**Final Approval Date**" means the date on which the Court enters the Final Approval Order and Judgment.

24.      The term "**Final Approval Hearing**" means the hearing conducted by the Court under Rule 23(e) of the Federal Rules of Civil Procedure at which the Court shall: (a) determine whether to grant final approval to this Settlement; (b) consider any timely Objections to the

Settlement and all responses thereto; and (c) consider any motion for attorneys' fees and expenses to Class Counsel and for service awards to the Class Representatives.

25. The term "**Final Approval Order and Judgment**" means the Final Approval Order and Judgment of the Court approving the Settlement and entering judgment with prejudice.

26. The term "**Frost Defendants**" means Thomas Frost, P.A. and Thomas Frost.

27. The term "**Gross Settlement Fund**" means the non-reversionary sum of Three Million Dollars ($3,000,000.00) to be funded by the InventHelp Defendants, maintained and disbursed by the Settlement Administrator under the terms of this Agreement, and from which Class Counsel's attorneys' fees and expenses, notice and settlement administration costs, and any service awards to the Class Representatives shall be paid as approved by the Court.

28. The term "**InventHelp Defendants**" means Invention Submission Corporation d/b/a InventHelp, Western Invention Submission Corporation d/b/a Western InventHelp, Technosystems Consolidated Corporation, Technosystems Service Corporation, Intromark Incorporated, Universal Payment Corporation, and Robert Susa.

29. The term "**Litigation**" means (a) *Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-CV-01396 (W.D. Pa.); (b) *Calhoun, et al. v. Invention Submission Corporation, et al*., No: 2:18-cv-01022 (W.D. Pa.); and (c) *Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-00681-CB (W.D. Pa.).

30. The term "**Net Settlement Fund**" means the amount of money remaining in the Gross Settlement Fund after Class Counsel's attorneys' fees and expenses, notice and settlement administration costs, and any service awards to the Class Representatives are deducted from the Gross Settlement Fund, all as approved by the Court.

31.     The term "**Notice**" means the Notice of Class Action Settlement approved by the Court by which the Settlement Class Members are notified of the Settlement, substantially in the form of Exhibit 2 to this Agreement.

32.     The term "**Notice Deadline**" means the date established by the Court in its Preliminary Approval Order by which the Settlement Administrator must implement the Notice Plan and which shall not be later than 21 days after the Preliminary Approval Date.

33.     The term "**Notice of Deficiency**" means any written notice that the Settlement Administrator sends to any Claimant who submits a timely Claim Form that contains a deficiency that needs to be cured as determined by the Settlement Administrator. A form of Notice of Deficiency to be used by the Settlement Administrator is attached hereto as Exhibit 3.

34.     The term "**Notice Plan**" shall have the meaning ascribed to it in Sections E.74 of this Agreement.

35.     The term "**Objection**" refers to the timely and complete filing with the Court of a written objection to the Settlement, which includes all information specified in Section G.85 of this Agreement.

36.     The term "**Objection and Opt-Out Deadline**" means the deadline established by the Court in the Preliminary Approval Order, and to be set forth in the Notice, by which Settlement Class Members must file any Objections with the Court or submit any Opt-Out Requests to the Settlement Administrator.

37.     The term "**Opt-Out Request**" means a request to opt out of the Settlement Class, which includes all information specified in Section G.84 of this Agreement.

38.     The term "**Parties**" means Plaintiffs and Defendants.

39.     The term "**Person**" or "**Persons**" means any individual or entity, public or private.

40.     The term "**Plaintiffs**" means Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone.

41.     The term "**Preliminary Approval Date**" means the date on which the Court enters the Preliminary Approval Order.

42.     The term "**Preliminary Approval Order**" means the Order of the Court preliminarily approving the Settlement, in a form substantially similar to Exhibit 4 hereto.

43.     The term "**Released Claims**" means the claims released as set forth in Section H.87 below.

44.     The term "**Released Parties**" shall have the meaning set forth in Section H.86 of this Agreement.

45.     The term "**Releasing Parties**" shall have the meaning set forth in Section H.86 of this Agreement.

46.     The term "**Settlement Administrator**" means Angeion Group, LLC, the third-party settlement administration company that the parties will request be appointed by the Court in the Preliminary Approval Order, that has been retained by Lead Class Counsel to administer the Notice Plan and Claims Process, create and maintain the Gross Settlement Fund, and disburse payments from the Gross Settlement Fund. All reasonable fees and costs invoiced by the Settlement Administrator will be paid from the Gross Settlement Fund.

47.     The term "**Settlement Agreement**," "**Agreement**," or "**Settlement**" mean this Agreement and its Exhibits which are incorporated herein, including any subsequent

amendments and subsequent exhibits that are agreed to by the Parties in writing and approved by the Court.

48.　　The term "**Settlement Class**" means all United States residents who purchased services from any of the InventHelp Defendants from January 1, 2014 to June 30, 2021. Defendants have represented that the Settlement Class collectively purchased 36,882 Basic Information Package Agreements and 18,223 Submission Agreements during that time period. Plaintiffs have relied on this information in agreeing to this Agreement. The Settlement Class excludes: (a) employees/officers/agents of the InventHelp Defendants; and (b) any judicial officer assigned to the Litigation. To the extent that one or more individuals jointly purchased services from any of the InventHelp Defendants from January 1, 2014 to June 30, 2021, they shall be deemed to be one member of the Settlement Class for purposes of obtaining relief under the Settlement Agreement.

49.　　The terms "**Settlement Class Member**" or "**Settlement Class Members**" mean members of the Settlement Class.

50.　　The term "**Settlement Payment**" means a settlement check sent by the Settlement Administrator to a Settlement Class Member entitled to relief pursuant to this Agreement.

51.　　The term "**Settlement Relief**" means the Enhanced Processes plus the relief described in Section D, below.

52.　　The term "**Settlement Website**" means the Settlement Website to be established by the Settlement Administrator.

53.　　The terms "**Submission Agreement**" or "**SUB Agreement**" mean the Submission Agreement between either Invention Submission Corporation or Western Invention Submission Corporation and a Settlement Class Member for the purchase of invention submission services.

54.     The term "**SUB Agreement Customers**" means the Settlement Class Members who signed a SUB Agreement.

55.     The term "**SUB Agreements Fully Paid**" means the Submission Agreements that were fully paid as of November 19, 2021. 10,325 SUB Agreements fall into this category.

56.     The term "**SUB Agreements Not Fully Paid and Open**" means the Submission Agreements that were not fully paid and were still recorded as open in the relevant InventHelp Defendants' records as of November 19, 2021. 3,411 SUB Agreements fall into this category.

57.     The term "**SUB Agreements Not Fully Paid and Closed**" means the Submission Agreements that were not fully paid and had been charged off or cancelled as of November 19, 2021. 4,487 SUB Agreements fall into this category.

58.     References to a person or entity under this Agreement include their permitted heirs, personal representatives, executors, affiliates, successors, and assigns.

59.     Whenever the words "include," "includes," or "including" are used in this Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

B.     <u>**CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS; PRELIMINARY APPROVAL**</u>

60.     <u>**Stipulation to Settlement Class**</u>. The Parties stipulate for settlement purposes only that all prerequisites for conditional certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) are met.

61.     <u>**Preliminary Approval**</u>. Within one week of the execution of this Settlement Agreement, Class Counsel shall file a Motion for Preliminary Approval of Class Action Settlement requesting entry of the Preliminary Approval Order attached hereto as Exhibit 4 (i) preliminarily approving the Parties' Settlement under terms substantially consistent with the

terms of this Agreement; (ii) conditionally certifying the Settlement Class identified in this Agreement for settlement purposes only; (iii) reaffirming Shanon J. Carson and Peter R. Kahana of Berger Montague PC as Lead Class Counsel; (iv) approving the proposed Notice and Notice Plan; (v) appointing, Angeion Group, LLC as the Settlement Administrator; (vi) establishing deadlines and requirements for the filing of any Objection to the Settlement; (vii) establishing deadlines and requirements for the filing of any Opt-Out Request; (viii) establishing the Claim Period and approving the Claim Form and Claims Process; (ix) establishing a date for the Final Approval Hearing; and (x) preliminarily enjoining Settlement Class Members who do not file a complete and valid Opt-Out Request by the Objection and Opt-Out Deadline from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in Section H of this Agreement.

## C.    **GROSS SETTLEMENT FUND**

62.    **Payment of Gross Settlement Fund**. Within ten (10) business days after the Effective Date, and following receipt of a W-9 and wiring instructions to be provided by the Settlement Administrator, the InventHelp Defendants shall remit Three Million Dollars ($3,000,000) to the Settlement Administrator.

63.    **Qualified Settlement Fund**. The Gross Settlement Fund shall be maintained by the Settlement Administrator in an account established as a Qualified Settlement Fund for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. The Settlement Administrator shall be responsible for all administrative, accounting, and tax compliance activities in connection with the Qualified Settlement Fund, including any filings necessary to obtain Qualified Settlement Fund status pursuant to Treas. Reg. § 1.468B-1. The InventHelp Defendants shall provide to the Settlement Administrator any documentation necessary to facilitate obtaining Qualified Settlement Fund status.

64.  **No Reversion**.  No amount of the Gross Settlement Fund shall revert to the Defendants.  The Gross Settlement Fund and Net Settlement Fund shall be utilized and distributed as set forth in this Agreement and approved by the Court.  Any portion of the Net Settlement Fund that results from uncashed checks will be paid to a *cy pres* recipient selected by Plaintiffs (subject to Defendants' approval, not to be unreasonably withheld), and approved by the Court in its Final Approval Order.

D.  **SETTLEMENT RELIEF TO THE SETTLEMENT CLASS MEMBERS**

65.  **BIP Agreement Customers**.

a.  **BIP Agreements Fully Paid**. BIP Agreement Customers with BIP Agreements Fully Paid who do not opt out of the Settlement Class are entitled to submit a Claim Form and, if their claim is deemed timely and valid by the Settlement Administrator, will receive a cash payment of $20 to be paid by the InventHelp Defendants outside of the Gross Settlement Fund, meaning such payments will not reduce the amount of the Gross Settlement Fund. Following the Claim Period, the Settlement Administrator will provide notice to the Parties of the amount to be paid for BIP Agreements Fully Paid. Following receipt of a W-9 and wiring instructions to be provided by the Settlement Administrator, and within ten (10) business days of the Effective Date, the InventHelp Defendants will wire that amount (in addition to the amount to fund the Gross Settlement Fund) to the Settlement Administrator.

b.  **BIP Agreements Not Fully Paid**. BIP Agreement Customers with BIP Agreements Not Fully Paid who do not opt out of the Settlement Class are entitled to submit a Claim Form and, if their claim is deemed timely and valid by the Settlement Administrator, will receive a $20 credit against any outstanding balance they may owe to the InventHelp Defendants (or a credit entirely canceling their debt if the existing debt is $20 or less), all of which credit

amounts will be outside of the Gross Settlement Fund, meaning that such credits will not reduce the amount of the Gross Settlement Fund.

66.    **SUB Agreement Customers**.

a.    **SUB Agreements Not Fully Paid and Open**. SUB Agreement Customers with SUB Agreements Not Fully Paid and Open are entitled to submit a Claim Form electing one of the following two (2) options if their Claim is deemed timely and valid by the Settlement Administrator: (a) an $800 credit against any outstanding balance they may owe to the InventHelp Defendants (or a credit entirely canceling their debt if the existing debt is $800 or less) (all of which credit amounts shall be outside of and not charged against the Gross Settlement Fund); or (b) invention services to be provided by the InventHelp Defendants valued at not less than $3,000 (outside of and not to be charged against the Gross Settlement Fund) consisting of:

1.    Inclusion of their idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by the Settlement Class Member). To the extent either show is cancelled for reasons beyond InventHelp's control (*e.g.*, on account of the COVID-19 pandemic), InventHelp may also provide the service for eligible Settlement Class Members at the 2025 national licensing show; <u>and</u>

2.    Inclusion of their idea or invention by InventHelp (in addition to the service already provided for in paragraph K of their existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which a Settlement Class Member is already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Effective Date.

b.    **SUB Agreements Not Fully Paid and Closed**. SUB Agreement Customers with SUB Agreements Not Fully Paid and Closed who do not opt out of the

Settlement Class will automatically receive a credit of $1,500 against any outstanding balance they may owe to the InventHelp Defendants (or a credit entirely canceling their debt if the existing debt is $1,500 or less), without having to submit a Claim Form (which credits shall be outside of and not charged against the Gross Settlement Fund).

      c.      **SUB Agreements Fully Paid**. SUB Agreement Customers with SUB Agreements Fully Paid are entitled to submit a Claim Form, and if deemed timely and valid by the Settlement Administrator, will receive an equal *pro rata* cash payment from the Net Settlement Fund not to exceed $250, plus they shall also receive the following invention services from the InventHelp Defendants valued at not less than $3,000 (outside of and not to be charged against the Gross Settlement Fund):

      1.      Inclusion of their idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by the Settlement Class Member). To the extent either show is cancelled for reasons beyond InventHelp's control (e.g. on account of the COVID-19 pandemic), InventHelp may also provide the service for eligible Settlement Class Members at the 2025 national licensing show; and

      2.      Inclusion of their idea or invention by InventHelp (in addition to the service already provided for in paragraph K of their existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which a Settlement Class Member is already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Effective Date.

      67.      **Additional Credit Repair Relief, Negative Tradeline Deletion Request, and Adjustment of Reported Balance**. In addition to the foregoing, within thirty (30) days of the Effective Date and as to all Settlement Class Members whose balances are fully eliminated as a result of the relief set forth above, the relevant InventHelp Defendant(s) shall contact all

consumer reporting agencies ("CRAs") to which it (or anyone acting on its behalf) previously has reported information regarding outstanding payments owed by such Settlement Class Member to any of the InventHelp Defendants, and request permanent removal of any negative tradelines previously reported to CRAs in the name of any of the InventHelp Defendants or anyone acting on their behalf, regarding such outstanding payments. A tradeline shall be considered "negative" if it indicates that any payment was missed. Within ninety (90) days of the Effective Date and as to those Class Members whose balances are reduced, but not fully eliminated, as a result of the Class Member Relief, the relevant InventHelp Defendant(s) shall contact the CRAs and report the modified balance. If at any time following ninety (90) days after the Effective Date for any Settlement Class Member whose balance has been fully eliminated, or following one hundred twenty (120) days from the Effective Date for any Settlement Class Member whose balance has been modified, any such Settlement Class Member determines that any of the CRAs have not complied with the request of the InventHelp Defendants as set forth in this paragraph, inclusive of subsections, then the Settlement Class Member may provide written notice to the InventHelp Defendants, together with copies of any credit reports for which he or she contends the credit reporting has not been properly updated, via email or U.S. Mail at the following addresses, dlohr@ufc-online.com or 903 Liberty Ave., 3rd Floor, Pittsburgh, PA 15222 Attention: Deb Lohr, and in that event, the relevant InventHelp Defendant will, within thirty (30) days, make a second request in writing that the CRAs update the reporting as set forth in this Paragraph.

68. **Implementation of the Enhanced Processes**. The InventHelp Defendants shall also be responsible for implementing the Enhanced Processes set forth in Section A.21 within

thirty (30) days of the Effective Date unless another date is set forth in that Paragraph and its subsections.

69. **Multiple Claims**. Settlement Class Members who entered into more than one contract for services with any of the InventHelp Defendants are entitled to relief as to each contract, based upon its appropriate category, except that SUB Agreement Customers are only entitled to relief based upon their SUB Agreements, not earlier, subsumed BIP Agreements. By way of clarifying examples:

- If a BIP Agreement Customer entered into three (3) separate BIP Agreements, two (2) of which were fully paid and one (1) of which was not fully paid, that BIP Agreement Customer would be entitled to submit a claim for $20 cash payments on each of the fully paid BIPs, and a claim for a $20 credit on the not fully paid BIP.

- If a SUB Agreement Customer entered into three (3) separate SUB Agreements, one (1) of which was not fully paid and open, one (1) of which was not fully paid and closed, and one (1) of which was fully paid, that SUB Agreement Customer would be entitled to submit a claim for relief for each of the separate SUB Agreements, under Sections D.66.a, D.66.b, and D.66.c, respectively.

- If a Settlement Class Member entered into one (1) BIP Agreement that developed into a SUB Agreement, that Settlement Class Member is a SUB Agreement Customer by definition (not a BIP Agreement Customer) and would be entitled to submit a single claim for relief based on their SUB Agreement status.

70. **Jointly Purchased Services.** As reflected in the definition of Settlement Class Members above, to the extent that one or more individuals jointly purchased services from any of the InventHelp Defendants from January 1, 2014 to June 30, 2021, they shall be deemed to be one member of the Settlement Class for purposes of obtaining relief under the Settlement Agreement. The Settlement Relief set forth in this section shall be provided jointly to the one or more individuals listed on the subject contract for services, except that the credit repair provided in Section D.67 shall be provided to each individual listed on the subject contract for services

and/or each individual financially responsible for the contract for services. As set forth below, the Notice of Class Action Settlement, Claim Form, and Settlement Payments, and statements of non-cash Settlement Relief shall be mailed and/or emailed to the primary, *i.e.*, first, listed individual on the subject contract for services.

E.    **SETTLEMENT ADMINISTRATOR; NOTICE PLAN; CLAIMS PROCESS**

71.    **Appointment and Duties of Settlement Administrator**. Following a request for proposal/bidding process, the Parties selected Angeion Group, LLC as the Settlement Administrator subject to the approval of the Court in its Preliminary Approval Order, to be responsible for administering the Notice Plan and Claims Process, as set forth herein. The Settlement Administrator shall provide Lead Class Counsel and Counsel for the InventHelp Defendants and Frost Defendants with (i) a declaration to be filed with Plaintiffs' Motion for Preliminary Approval setting forth a detailed estimate based upon the scope of services requested to perform all tasks and duties under the Settlement, as well as a not-to-exceed amount; and (ii) following the Claim Period, a declaration to be filed with Plaintiffs' Motion for Final Approval setting forth a detailed summary of its administration of the Notice Plan and Claims Process, including the number of opt-outs and claims received. The reasonable fees and expenses of the Settlement Administrator shall be paid out of the Gross Settlement Fund.

72.    **Settlement Administrator Duties To Protect Personal Information**. The Settlement Administrator shall:

a.    Use personal information acquired as the result of this Agreement solely for purposes of administering the Settlement;

b.    Take security countermeasures to prevent unauthorized access to personal information and the loss, destruction, falsification, and leakage of personal information;

c.　　　If outsourcing the handling of personal or confidential information, ensure that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of it, and prohibit its reuse for other purposes;

d.　　　Respond immediately with appropriate measures when necessary to disclose, correct, stop using, or expunge information;

e.　　　Within ninety (90) days after the completion of the 180-day check-cashing period following the Claim Period, destroy all personal information obtained in connection with this Settlement in a manner most likely to guarantee that such information will not be obtained by unauthorized Persons.

73.　　**Settlement Administrator Accounting**. The Settlement Administrator shall maintain a complete and accurate accounting of its receipts, expenses, costs, and payments made pursuant to this Agreement which shall be made available on reasonable notice at any time to Counsel for Defendants and Lead Class Counsel.

74.　　**Notice Plan**. The Settlement Administrator will implement the following Notice Plan pursuant to the Court's Preliminary Approval Order:

a.　　　**Direct Notice**. By the Notice Deadline, the Notice substantially in the form attached hereto as Exhibit 2 and the Claim Form substantially in the form attached hereto as Exhibit 1 (both subject to approval by the Court in the Preliminary Approval Order) shall be sent via U.S. Mail, first-class postage prepaid, and emailed (to the extent email addresses are available), to all members of the Settlement Class. In the case of jointly purchased services as noted in Section D.70 above, (i) Settlement Payments will be made payable to the one or more individuals jointly, but will be sent to the primary, *i.e.*, first, listed individual on the subject contract; and (ii) statements confirming non-cash benefits will be sent to the primary, *i.e.*, first,

listed individual on the subject contract. To facilitate the sending of Direct Notice, and within

five (5) business days after the Preliminary Approval Date, the InventHelp Defendants will

provide the Settlement Administrator with a confidential spreadsheet that identifies all

Settlement Class Members by name, last known address, last known email address (if available),

and telephone number (if available). Defendants will promptly cooperate with reasonable

requests for information made by the Settlement Administrator in performing its duties under

this Agreement.

        b.      **<u>Settlement Website</u>**. Within fourteen (14) days after the Preliminary

Approval Order, the Settlement Administrator shall establish and implement the Settlement

Website, which shall be an Internet website concerning the Settlement utilizing the domain name

www.IHSettlement.com. The Settlement Website shall be maintained by the Settlement

Administrator until thirty (30) days after the conclusion of the 180-day check-cashing period at

which point the Settlement Website will no longer be available for public access. The domain

name of the Settlement Website shall be included in the Notice and Claim Form. The Settlement

Website shall provide: (i) information concerning deadlines for filing a Claim Form and the dates

and locations of relevant Court proceedings including the Final Approval Hearing; (ii) the toll-

free phone number to be maintained by the Settlement Administrator for the Settlement (see

below); (iii) copies of the Agreement, the Notice of Settlement, the Claim Form, Court Orders

regarding this Settlement, and other Court filings regarding this Settlement, including Class

Counsel's Motion for Attorneys' Fees, Expenses, and service awards; (iv) information

concerning the submission of Claim Forms, including the ability to submit Claim Forms

electronically via the Settlement Website and email; and (v) a Frequently Asked Questions page

regarding the Settlement with content approved by the Parties. The content of the Settlement

Website, as well as all other communications made to or made available to the Settlement Class or the public relative to the Litigation and Settlement shall be discussed and agreed upon by the Parties, it being understood that Class Counsel may communicate on an individual basis with individual members of the Settlement Class who may reach out with respect to the Litigation or the resolution thereof, may cite the public record, and nothing in this paragraph affects attorney-client privileged discussions between Class Counsel and individual Settlement Class Members.

        c.      **Toll-Free Number for Settlement Administrator**. Within fourteen (14) days after the Preliminary Approval Order, the Settlement Administrator will cause to be established and maintained an automated telephone system using a toll-free number to provide information about the Settlement to the Settlement Class Members, utilizing an IVR script to be discussed and agreed upon by the Parties. The automated telephone system shall be operated by the Settlement Administrator. The automated telephone system shall permit Settlement Class Members to request and obtain copies of the Agreement, Notice, and Claim Form, and shall provide the opportunity for Settlement Class Members to speak with a live operator during business hours for further information.

        d.      **CAFA Notice**. Pursuant to 28 U.S.C. § 1715, Defendants, through the Settlement Administrator or on their own, shall mail all required notices in accordance with their obligations thereunder.

**F.      CLAIM PROCESS**

      75.      **Claim Submission**. Any Settlement Class Member who wishes to submit a Claim must complete the Claim Form, sign it by hard copy or electronic signature, and submit it to the Settlement Administrator by the end of the Claim Period. A Claim Form that is not postmarked (if sent by U.S. Mail or hard copy delivery) or submitted electronically within the Claim Period will be denied. A Claim Form that is postmarked (if sent by U.S. Mail or hard copy delivery) or

submitted electronically within the Claim Period, but is not fully completed, shall promptly be

responded to by the Settlement Administrator using a Notice of Deficiency. A Claimant shall

have one opportunity to cure a noticed deficiency within thirty (30) days of receipt of the Notice

of Deficiency. The Settlement Administrator shall implement reasonable measures designed to

encourage check-cashing by Settlement Class Members which may include allowing Settlement

Class Members to utilize a method to receive payment other than by checks, such as through

Paypal.

76. **Review of Claims.** The Settlement Administrator shall receive, process, and

make determinations regarding all Claim Forms as promptly as possible, and as they are

received, in accordance with this Agreement. If a Claim Form is considered deficient for any

reason by the Settlement Administrator, the Settlement Administrator shall issue a notice of

deficiency within five (5) business days of receipt of the Claim Form and shall not wait until the

end of the Claim Period to issue such notices. The Settlement Administrator's decisions as to

Claim eligibility shall be final and the Settlement Administrator has the discretion to accept

Claim Forms with minor deficiencies. The Settlement Administrator does not have the discretion

to accept a Claim Form that is not signed under oath by the Claimant, or that does not contain the

information necessary for the Settlement Administrator to administer relief under the Agreement.

77. **Notice of Allowed Claims and Weekly Reporting**. The Settlement

Administrator shall provide a weekly status report to Lead Class Counsel and Counsel for

Defendants setting forth and describing all Eligible Claimants and advising on the total amount

of such claims, as well as setting forth all other Settlement-related statistics that are requested by

Lead Class Counsel or Counsel for Defendants.

78.     **Payment of Claims**. As soon as practicable after it receives payment of the Gross Settlement Fund and any additional amounts necessary to pay Allowed Claims for BIP Agreements Fully Paid due from the InventHelp Defendants, the Settlement Administrator will distribute all Settlement Payments to Eligible Claimants from the Net Settlement Fund and/or, as applicable, a statement confirming the non-cash benefits to which the Eligible Claimant is entitled (the language of which shall be agreed upon by the Parties). In the case of jointly purchased services as noted in Section D.70 above, Settlement Payments will be made payable (or, in the case of services, are deliverable to) to the one or more individuals jointly, but will be sent to the primary, *i.e.*, first, listed individual on the subject contract. The Settlement Administrator shall provide Class Counsel and Counsel for Defendants with a full and complete accounting for the escrow account upon request at any time.

79.     **Uncashed Settlement Payment Checks**. All checks issued by the Settlement Administrator to any Eligible Claimants shall remain valid and negotiable for 180 days. Any check sent to an Eligible Claimant that is not cashed within 180 days shall be void. During that period, the Settlement Administrator can take all reasonable steps contemplated by and included within its cost-estimate to encourage check-cashing, including by emailing and/or mailing reminder notices (the language of which shall be agreed upon by the Parties), and/or calling Eligible Claimants (utilizing a script agreed upon by the Parties) who were sent but who have not yet cashed their check, to remind them to cash their checks. Thirty (30) days after the conclusion of the check-cashing deadline, any remaining amounts from uncashed checks will be paid to a *cy pres* recipient selected by Plaintiffs (subject to Defendants' approval not to be unreasonably withheld) and approved by the Court in its Final Approval Order.

DocuSign Envelope ID: 4EE341C5-1C5F-4AA3-8110-8B89970AB43F

80.     **No Liability for Claims Administered Pursuant to Agreement**. No Person

shall have any claim against Defendants, Counsel for Defendants, Plaintiffs, Lead Class Counsel,

Class Counsel, the Released Parties, and/or the Settlement Administrator based on any

determinations, distributions, actions taken, or awards made with respect to this Settlement, so

long as each of these individuals and entities act in accordance with the Agreement and the

Court's Preliminary Approval Order and Final Approval Order.

81.     **Proof of Compliance with Notice Plan**. The Settlement Administrator shall

provide Lead Class Counsel with a declaration detailing its compliance with the Notice Plan and

Claims Process, including the number of opt-outs and claims received, to be filed as an exhibit to

Plaintiffs' Motion for Final Approval, and shall provide Lead Class Counsel with any other

declarations concerning the actions of the Settlement Administrator which are requested at any

time.

82.     **Requests for Notice and Claim Forms**. The Settlement Administrator shall

provide through mail and/or email the Notice of Settlement and/or Claim Form to any Person

requesting such documents during the Claim Period.

83.     **Settlement Administrator Database**. The Settlement Administrator shall

maintain and preserve records of all of its activities, including logs of all telephone calls, emails,

mailings, visits to the Settlement Website, and all other contacts with actual and potential

Settlement Class Members, in a computerized database with readily retrievable records. The

database shall also include a running tally of the number of and types of materials mailed or

disseminated by the Settlement Administrator. The Settlement Administrator shall provide Lead

Class Counsel and Counsel for InventHelp Defendants and Counsel for Frost Defendants with

weekly written reports, beginning on the Notice Date and continuing until the end of the check-

cashing period, summarizing all statistics and actions taken by the Settlement Administrator in connection with administering the Settlement.

## G.     __OPT-OUTS AND OBJECTIONS__

84.     __Requests for Opt-Out__. Any Settlement Class Member may submit an Opt-Out Request, *i.e.*, a request for exclusion from the Settlement pursuant to Rule 23(c)(2)(B)(v) of the Federal Rules of Civil Procedure. A Settlement Class Member who submits an Opt-Out Request cannot object to the Settlement and is not eligible to receive any payment or other relief under the Settlement. To validly request to opt-out from the Settlement Class, a member of the Settlement Class must mail the Settlement Administrator a written Opt-Out Request, postmarked by the Objection and Opt-Out Deadline (if sent by U.S. Mail or hard copy delivery), stating as follows(or substantially similar clear and unambiguous language): "I wish to exclude myself from the Settlement Class in the InventHelp Class Action Settlement and understand that by submitting this request I will not be entitled to any payments or other relief under the Settlement." The Opt-Out Request must also contain the following: (i) the Settlement Class Member's printed full name, current address, telephone number, and email address; and (ii) the actual written signature of the Settlement Class Member seeking to opt out. Requests for exclusion cannot be made on a group or class basis. In the event of jointly purchased services as noted in Section D.70 above, any Settlement Class Member that wishes to Opt-Out must do so jointly with the other individuals on the contract in question. In that case, to validly request to opt-out from the Settlement Class, the Settlement Class Members must send by U.S. Mail or hard copy delivery to the Settlement Administrator a written Opt-Out Request, postmarked by the Objection and Opt-Out Deadline, stating as follows (or substantially similar clear and unambiguous language): "I and all other individuals on my contract with InventHelp or Western InventHelp wish to exclude ourselves from the Settlement Class in the InventHelp/Frost Class

Action Settlement and understand that, by submitting this request, we will not be entitled to any payments or other relief under the Settlement." The Opt-Out Request must also contain the following: (i) each of the Settlement Class Members' printed full names, current addresses, telephone numbers, and email addresses; and (ii) the actual written signature of each Settlement Class Member seeking to opt out.

       a.      The Settlement Administrator will provide copies of all Opt-Out Requests to Lead Class Counsel and Counsel for Defendants on a weekly basis.

       b.      Any Settlement Class Member who does not submit a valid and timely written Opt-Out Request as provided herein shall be bound by all subsequent proceedings, releases, orders, and judgments in this Litigation.

       c.      A member of the Settlement Class who opts out can, on or before the Objection and Opt-Out Deadline, withdraw their Opt-Out Request by submitting a written or emailed request to the Settlement Administrator stating their desire to revoke their Opt-Out Request and containing their written signature or electronic signature.

       d.      Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as an Opt-Out Request.

       e.      No later than one week after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Lead Class Counsel and Counsel for Defendants a complete list of opt-outs together with copies of the Opt-Out Requests and any other related information.

       85.    **Objections**. Any Settlement Class Member who does not submit an Opt-Out Request has a right to object to the Settlement by sending a written Objection explaining why he or she believes that the Settlement should not be approved by the Court as fair and reasonable. A

DocuSign Envelope ID: 4EE341C5-1C5F-4AA3-8110-8B89970AB43F

copy of the Objection should be sent by U.S. Mail or hard copy delivery to the Settlement Administrator at Attn: Objections, P.O. Box 58220, Philadelphia, PA 19102 postmarked by the Objection and Opt-Out Deadline. All Objections must clearly state the following: (i) the Settlement Class Member's printed name, address, telephone number, and email address; (ii) the case name and number (found on the Notice of Settlement); (iii) evidence demonstrating that the objector is a Settlement Class Member; (iv) the basis of the Objection in detail, including the specific aspect(s) of the Settlement being challenged and any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention; (v) any other supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (vi) the actual written signature of the Settlement Class Member making the objection; and (vii) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing.

a.	A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented, the objector must individually sign the Objection and all attorneys who are involved in any way in asserting the Objection must be listed on the Objection.

b.	The Settlement Administrator shall provide Lead Class Counsel and Counsel for Defendants with copies of any Objections it receives on a weekly basis.

c.	Any objector who submits a valid and timely written Objection as described above may appear at the Final Approval Hearing, either in person or through separate counsel hired at the objector's expense, to object to any aspect of the Settlement on the basis set forth in his or her Objection; provided, however, that any objector or attorney for an objector

who intends to make an appearance at the Final Approval Hearing must in the Objection state their intention to appear.

        d.        Any Settlement Class Member who does not comply with the foregoing provisions shall waive and forfeit any and all rights that he, she, or it may have to object to the Settlement, and shall be bound by all terms of this Agreement and by all proceedings, releases, orders, and judgments in the Litigation, including but not limited to the Release and the Final Approval Order and Judgment.

        e.        A Settlement Class Member who objects can withdraw their objection on or before the date of the Final Approval Hearing by submitting a signed written request or email containing an electronic signature to the Settlement Administrator stating their desire to withdraw their objection.

        f.        Copies of all Objections will be attached as an exhibit to the Motion for Final Approval.

## H.    <u>RELEASE OF CLAIMS</u>

86.    In consideration of the relief provided to the Settlement Class under this Agreement, and for other good and valuable consideration, the Class Representatives, for themselves and all Settlement Class Members who do not timely exclude themselves from the Settlement, as well as all of their respective heirs, executors, personal representatives, successors, and assigns (together, the "Releasing Parties"), release, remise, resolve, waive, acquit, and forever discharge Defendants, their predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, and all of their past and present agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys (together the "Released Parties") of and from any and all of the Released Claims (as defined below).

87.     The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that any of the Releasing Parties have, had, and/or may have against any of the Released Parties, including but not limited to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) InventHelp Defendants' provision of services to any of the Settlement Class Members, including but not limited to the preparation, distribution, or presentation of disclosures applicable to certain of the InventHelp Defendants, advertising and sale of invention services by certain of the InventHelp Defendants, actions, practices or efforts by certain of the InventHelp Defendants in connection with the administration of any customer debt; and/or (c) the Frost Defendants' provision of services to any of the Settlement Class Members (collectively, the "Released Claims"). The Parties shall request that this Release be included in the Final Approval Order and Judgment entered in these cases.

88.     The Class Representatives for themselves and the Settlement Class Members agree and covenant not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in

any court of law or equity, or any other forum, except for claims related to enforcement of this Agreement or disputes relative to the terms of this Agreement.

89.     Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the releases contained herein become effective. This Section includes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives for themselves and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, the Class Representatives and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever, all Released Claims with respect to the Released Parties and, in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts. The undersigned attorneys for Plaintiffs represent that they do not currently represent, do not currently intend to represent, and are not aware of any non-parties or other individuals who intend to or possibly may intervene in this Action or who intend to or may file a substantially similar action against Defendants, whether individually or as a putative class representative. Class Counsel further agree that they will not represent any individual in connection with objecting to the Settlement.

I.      **ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS**

90.     **Attorneys' Fees and Expenses.** Lead Class Counsel will, by no later than fourteen (14) days before the Objection and Opt Out Deadline, file a Motion for Attorneys' Fees, Expenses, and Service Awards, which shall be accessible on the Settlement Website. Defendants have no obligation to support this motion but agree that they will not object to or oppose such motion so long as Class Counsel's request does not exceed $1.5 million for attorneys' fees, $150,000 for out-of-pocket expenses, and $3,000 as a service award for each of the Class Representatives (with a single service award for Plaintiffs who are married).

91.     **Timing of Payment**. Any attorneys' fees, expenses, and service awards that are approved by the Court shall be paid from the Gross Settlement Fund and shall be wired by the Settlement Administrator to Lead Class Counsel within three (3) business days after the Gross Settlement Fund is received by the Settlement Administrator.

J.      **FINAL APPROVAL**

92.     **Motion for Final Approval of Class Action Settlement**. Pursuant to the schedule set by the Court in its Preliminary Approval Order and at least fourteen (14) days before the Final Approval Hearing, Lead Class Counsel shall file a Motion for Final Approval of Class Action Settlement and supporting papers requesting that the Court enter a Final Approval Order and Judgment agreed to by the Parties, which shall include the following at a minimum:

        a.      Finally certifying the Settlement Class for settlement purposes only;

        b.      Finally approving the Agreement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23;

        c.      Finding that the Notice Plan complied with all applicable laws, including the Due Process Clause, and was fair, adequate, and sufficient, as the best practicable notice

under the circumstances, and reasonably calculated to apprise Settlement Class Members of the Litigation, the Agreement, their objection rights, and their opt-out rights;

   d.  Dismissing the Litigation, including all individual and class claims, with prejudice;

   e.  Listing all opt-outs;

   f.  Finding that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met;

   g.  Authorizing the Parties to implement the remaining terms of the Agreement;

   h.  Permanently enjoining the Releasing Parties from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in, the filing or service of any suit, claim, demand, or counterclaim concerning any Released Claims against the Released Parties; and

   i.  Retaining jurisdiction relating to the administration, implementation, enforcement, and interpretation of the Agreement and the Final Approval Order and Judgment.

## K. OTHER TERMS AND CONDITIONS

  93. **Defendant Opt-Out Provision**. If more than 1.5% of the Settlement Class files timely and valid Opt-Out Requests, Defendants may elect, at their option, within fourteen (14) days of the Objection and Opt-Out Deadline, whether or not to proceed with the Settlement.

  94. **No Admission of Liability**. This Settlement, whether or not granted final approval and whether or not a final judgment is entered, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Defendants

(or any of them), or of the truth of any of the claims or allegations made in the Litigation. This provision will survive termination of this Agreement.

95.     **Settlement Conditioned on Court Approval**. Because this is a class action settlement, this Agreement must receive preliminary and final approval by the Court. If the Effective Date is not reached for any reason, this Agreement shall be deemed terminated and null and void, except for Sections K.94 and K.105 hereof, which will survive the termination of this Agreement. In the event of such termination, the Parties shall be restored to their respective positions before execution of this Agreement and shall bear their own costs, except that Defendants shall bear the Settlement Administrator's fees and costs that were incurred up until the date that the Settlement Administrator is given notice that the Agreement is terminated.

96.     **Status and Stay of Proceedings**. The Litigation is currently administratively closed. The Parties agree to jointly request that the Court reopen the Litigation and request that the Preliminary Approval Order stay the Litigation during the pendency of the Court's approval process regarding this Agreement.

97.     **Defendants' Attorneys' Fees and Costs**. Defendants shall bear their own attorneys' fees and costs in the Litigation.

98.     **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Agreement. Each Party represents that it understands the terms and consequences of entering into this Agreement and executes it and agrees to be bound by the terms set forth herein knowingly and voluntarily.

99.     **Mutual Cooperation**. The Parties and their counsel agree to cooperate with each other in good faith to accomplish the terms of this Agreement, including the execution of such

documents and such other action as may reasonably be necessary to implement the terms of this Agreement and obtain the Court's final approval of the Agreement.

100.    **Notices**. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing by mail or email and addressed as follows:

> To Plaintiffs and the Settlement Class:
>
> Shanon J. Carson
> BERGER MONTAGUE PC
> 1818 Market Street, Suite 3600
> Philadelphia, PA 19103
> scarson@bm.net
>
> To the InventHelp Defendants:
>
> David Garraux
> K&L GATES LLP
> K&L Gates Center
> 210 Sixth Avenue
> Pittsburgh, PA  15222-2613
> david.garraux@klgates.com
>
> To the Frost Defendants:
>
> Frank H. Stoy
> Pietragallo Gordon Alfano Bosick & Raspanti, LLP
> 38th Floor, One Oxford Centre
> Pittsburgh, PA 15219
> FHS@Pietragallo.com

101.    **Drafting of Agreement**. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Agreement. The Parties acknowledge that the terms of this Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of this Agreement, and this Agreement shall not be construed against any Party because of their role in drafting it.

102.    **Governing Law**. This Agreement and the Exhibits hereto will be construed and enforced in accordance with, and governed by, the substantive laws of the Commonwealth of Pennsylvania without giving effect to the choice-of-law principles of that or any other state, except as to federal law relating to class action settlements under FED. R. CIV. P. 23.

103.    **Modification**. This Agreement may not be changed, altered, or modified, except in writing and signed by all Parties hereto. The Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

104.    **Integration**. This Agreement, its Exhibits, and any materials executed by the Parties in connection with the Settlement contain the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or its counsel, are merged herein. No rights hereunder may be waived except in writing.

105.    **Use in Other Proceedings**. The Parties expressly acknowledge and agree that this Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Agreement, any of its provisions, or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Litigation, in any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Agreement, or as necessary to respond to any objection to the Agreement. This Section survives termination of the Agreement.

106. **Publicity**. All information concerning the settlement set forth on the Settlement Website shall be agreed to by the Parties. Plaintiffs and Class Counsel shall not issue a press release, hold a press conference, repost any prior or previously removed web content pertaining to the Litigation or Defendants (or any of them), or create new websites concerning the Litigation or Defendants (or any of them).

107. **Subheadings**. Subheadings in this Agreement are for the purpose of clarity only and are not intended to modify the terms of this Agreement's text, which are controlling.

108. **Waiver**. The waiver by any party to this Agreement, of any breach of its terms shall not be deemed or construed to be a waiver of any other breach of this Agreement, whether prior, subsequent, or contemporaneous.

109. **Signatures**. Each Person executing this Agreement on behalf of any Party warrants that such Person has the authority to do so. This Agreement shall be binding upon, and inure to the benefit of, the agents, heirs, executors, administrators, successors, and assigns of the Parties.

110. **Counterparts**. This Agreement may be executed in any number of counterparts, including by electronic signature, each of which shall be deemed to be an original. All counterparts shall constitute one Agreement, binding on all Parties hereto, regardless of whether all Parties are signatories to the same counterpart, but the Agreement will be without effect until and unless all Parties to this Agreement have executed a counterpart.

**AGREED AND ENTERED INTO BY THE PARTIES THROUGH THEIR RESPECTIVE COUNSEL ON THE DATES NOTED BELOW.**

Dated: August 18, 2022

**Berger Montague PC**

By: *Shanon J. Carson*
— 5A9289ABD8B54D8…
Shanon J. Carson
Peter R. Kahana
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*Counsel for Nil Leone and Carla Austin and Interim and Lead Class Counsel*

**Oxman Law Group, PLLC**

By: *Julie Pechersky Plitt*
— 6DC80F64FB0940C…
Julie Pechersky Plitt
Marc Oxman
120 Bloomingdale Road
White Plains, NY 10605

*Counsel for Cynthia Gray, Geta Miclaus, and Kevin and Vim Byrnes*

**K&L Gates LLP**

By: *David Garraux*
— 0A1CB76EB977416…
David Garraux
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222-2613

*Counsel for the InventHelp Defendants*

**Pietragallo Gordon Alfano Bosick & Raspanti, LLP**

By: *Frank Stoy*
— 43A907202F045D…
Frank H. Stoy
Pietragallo Gordon Alfano Bosick
& Raspanti, LLP
38th Floor, One Oxford Centre
Pittsburgh, PA 15219

*Counsel for the Frost Defendants*

# EXHIBIT 1

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA
*Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396 (W.D. Pa.)
*Calhoun, et al. v. Invention Submission Corporation, et al.*, No. 2:18-cv-01022 (W.D. Pa.)
*Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-00681 (W.D. Pa.)

INVENTHELP SETTLEMENT
C/O SETTLEMENT ADMINISTRATOR
1650 ARCH STREET, SUITE 2210
PHILADELPHIA, PA 19103

TOLL-FREE: 1-833-691-6611
EMAIL: INFO@IHSETTLEMENT.COM

> **COMPLETED CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ELECTRONICALLY BY NO LATER THAN [CLAIM DEADLINE]**

[INSERT BAR CODE AND CONTROL#]
[INSERT NAME AND ADDRESS
OF CLASS MEMBER]

# CLAIM FORM TO RECEIVE PAYMENTS AND/OR BENEFITS RELATED TO THE INVENTHELP CLASS ACTION SETTLEMENT

## INSTRUCTIONS

This Claim Form is for United States residents who purchased services from InventHelp or Western InventHelp[1] during the time period from January 1, 2014 to June 30, 2021, as described in the Notice of Class Action Settlement. The InventHelp Defendants' records indicate that you are eligible for benefits as a result of the proposed class action settlement. **In order for you to receive such benefits, this Claim Form must be postmarked (if sent by any form of U.S. Mail or hard copy delivery) or submitted electronically by [CLAIM DEADLINE].**

**For a full description of available benefits, visit www.IHSettlement.com.**

### How To Complete This Claim Form

1. There are three ways to submit this Claim Form to the Settlement Administrator: (a) online at the Settlement Website, www.IHSettlement.com; (b) by email to info@IHSettlement.com; or (c) by any form of U.S. Mail or hard copy delivery, sent to the following address: InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

2. All questions below must be answered if not already completed by the Settlement Administrator. Please type or print your responses in ink. Please keep a copy of your Claim Form. Materials submitted will not be returned.

---

[1] "InventHelp" means Invention Submission Corporation d/b/a InventHelp. "Western InventHelp" means Western Invention Submission Corporation d/b/a Western InventHelp.

3. If you submit your Claim Form online at www.IHSettlement.com or by email, then you will receive an electronic confirmation from the Settlement Administrator that your claim has been received. If you submit your Claim Form by any form of U.S. Mail or hard copy delivery, you will <u>not</u> receive an acknowledgment of receipt. If you want to be assured that your claim is received, please submit it electronically or use a shipping method that provides delivery confirmation.

4. If the Settlement Administrator has any questions regarding your Claim Form after it is submitted, you will be notified by mail and/or email, and you must respond to any written request by the Settlement Administrator for additional information. If you do not respond, the Settlement Administrator may be unable to process your claim, and you may waive your right to receive benefits under the Settlement.

5. You must notify the Settlement Administrator if your address changes. If you do not, you may not receive your benefits and may waive them.

6. Your claim must be postmarked (if sent by any form of U.S. Mail or hard copy delivery) or submitted electronically to the Settlement Administrator by [deadline].

7. If you believe the contract number(s) or category(ies) of relief set forth below is/are incorrect, or has/have changed and should be updated, or if you have any other questions, please contact the Settlement Administrator by email at info@IHSettlement.com, by telephone at 1-833-691-6611, or by U.S. Mail or hard copy delivery using the address above.

8. It will take several months for the Settlement Administrator to process your claim, which is also subject to final approval by the Court. Please check the Settlement Website for updates. If you are contacted by the Settlement Administrator, please respond promptly.

## I.      CLAIM INFORMATION

The InventHelp Defendants' records indicate that you are a resident of the United States who purchased services from InventHelp or Western InventHelp during the time period from January 1, 2014 to June 30, 2021. Based on the InventHelp Defendants' records, if you submit a timely and valid Claim Form, you are entitled to receive the relief noted in the right-hand column for the corresponding contract in the left-hand column:

| Contract Number & Category (which you must verify below) | Relief Available If You Submit A Timely And Valid Claim Form **YOU MAY BE REQUIRED TO MAKE ELECTIONS BELOW – READ AND COMPLETE CAREFULLY** |
|---|---|
| SETTLEMENT ADMINISTRATOR TO POPULATE INVENTHELP/WESTERN INVENTHELP CONTRACT NUMBERS AND CLAIM CATEGORY BASED ON INVENTHELP/WESTERN INVENTHELP RECORDS – ONE CONTRACT PER ROW, I.E. | SETTLEMENT ADMINISTRATOR TO AUTO POPULATE RELIEF FOR EACH ROW BASED ON WHICH TAB OF THE CLASS LIST THE CONTRACT IS LISTED ON, AS FOLLOWS: **[BIP Agreements Fully Paid]** Based on the InventHelp Defendants' records, for this contract, if you submit a timely and valid Claim Form, you are entitled to receive a cash payment of $20. **[BIP Agreements Not Fully Paid]** Based on the InventHelp Defendants' records, for this contract, if you submit a timely and valid Claim Form, you are entitled to receive a $20 credit against any |

2

| | |
|---|---|
| CONTRACT 000000000, BIP AGREEMENT FULLY PAID | outstanding balance (or a credit entirely canceling your debt if your existing debt is $20 or less). |

**[SUB Agreements Not Fully Paid and Open]** Based on the InventHelp Defendants' records, for this contract, if you submit a timely and valid Claim Form, you are entitled to elect and receive one of the following benefits under the Settlement Agreement (**you MUST select one**):

☐ I elect to receive an $800 credit to be applied against my outstanding balance (or a credit entirely canceling my debt if the existing debt is $800 or less); **OR**

☐ I elect to receive invention services valued at not less than $3,000 consisting of:

(1) the inclusion of my idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by me). To the extent either show is cancelled for reasons beyond InventHelp's control (*e.g.*, on account of the COVID-19 pandemic), InventHelp may also provide the service for me at the 2025 national licensing show; AND

(2) the inclusion of my idea or invention by InventHelp (in addition to the service already provided for in paragraph K of my existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which I am already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Effective Date as that term is defined in the Settlement Agreement.

**[SUB Agreements Fully Paid]** Based on the InventHelp Defendants' records, for this contract, if you submit a timely and valid Claim Form, you are entitled to receive the following benefits under the Settlement Agreement:

An equal *pro rata* cash payment from the Net Settlement Fund (as that term is defined in the Settlement Agreement) not to exceed $250 **AND** the following invention services, valued at not less than $3,000:

(1) the inclusion of your idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by you). To the extent either show is cancelled for reasons beyond InventHelp's control (*e.g.*, on account of the

| | COVID-19 pandemic), InventHelp may also provide the service for you at the 2025 national licensing show; AND |
| --- | --- |
| | (2) the inclusion of your idea or invention by InventHelp (in addition to the service already provided for in paragraph K of your existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which you are already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Effective Date as that term is defined in the Settlement Agreement. |

## II.   YOUR CONTACT INFORMATION AND MAILING ADDRESS

If not properly reflected in the materials received from the Settlement Administrator, please provide (or correct) your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form or, as noted above, you risk waiving your benefits.

| | |
| --- | --- |
| **First Name** | **Last Name** |

**Street Address**

| | | |
| --- | --- | --- |
| **City** | **State** | **Zip Code** |

| | | |
| --- | --- | --- |
| (     )      - | (     )      - | (     )      - |
| **Home Phone** | **Cell Phone** | **Work Phone** |

**Email Address**

Please enter your
Notice ID #                 [                    ]   if you received a Notice by mail or email.

## III. PAYMENT SELECTION (choose one)

Please select **one** of the following payment options:

☐ **PayPal** - Enter your PayPal email address: _____

☐ **Venmo** - Enter the mobile number associated with your Venmo account: __ __ __-__ __ __-__ __ __ __

☐ **Virtual Prepaid Card** – Enter the email address where you will receive the Virtual Prepaid Card:

_____

☐ **Zelle** - Enter the email address or mobile number associated with your Zelle account:

_____

☐ **Physical Check** – Payment will be mailed to the address provided above.

## IV. VERIFICATION AND ATTESTATION UNDER OATH

By signing and submitting this Claim Form, I hereby attest under oath that I am the person identified above and the information provided in this Claim Form is true and correct, including that the contracts listed in Section I are, in fact, contracts I entered into with InventHelp or Western InventHelp.

_____       Date: _____
Your signature                                                MM        DD        YYYY

_____
Your name

### <u>REMINDER CHECKLIST</u>

1. Please check and make sure you answered all the questions on the Claim Form as requested and that you made any elections required in the right-hand column of the chart in Section I.

2. Please check and make sure that you signed and dated the Claim Form in Section IV.

3. Please keep a copy of your completed Claim Form and any supporting documentation for your own records.

4. If you desire an acknowledgment of receipt of your Claim Form, please submit your Claim Form by email to info@IHSettlement.com or online through the Settlement Website, www.IHSettlement.com, or use a form of U.S. Mail or hard copy delivery that will provide you with a return receipt.

5. If you change addresses while your claim is pending, or if the Notice of Settlement was sent to you at an old or incorrect address, make sure to provide the Settlement Administrator with your updated address to make sure you receive any payment owed to you under the Settlement and do not waive your right to benefits.

6. If you have any questions, please first refer to the Settlement Website, www.IHSettlement.com. You may also contact the Settlement Administrator by calling the toll-free number, 1-833-691-6611, by email to info@IHSettlement.com, or by writing via U.S. Mail or hard copy delivery addressed to InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

# EXHIBIT 2

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**This Notice concerns a proposed class action settlement ("Settlement") in three consolidated lawsuits in the United States District Court for the Western District of Pennsylvania, entitled *Austin, et al. v. Invention Submission Corporation, et al.*, No. 2:19-cv-01396; *Calhoun, et al. v. Invention Submission Corporation, et al*., No. 2:18-cv-01022; and *Miclaus, et al. v. Invention Submission Corporation, et al.*, No. 2:20-cv-00681 (the "Litigation"). If you purchased services from Invention Submission Corporation d/b/a InventHelp or Western Invention Submission Corporation d/b/a Western InventHelp during the time period from January 1, 2014 to June 30, 2021, you are eligible for benefits under the Settlement.**

## <u>A FEDERAL COURT AUTHORIZED THIS NOTICE.</u>
## <u>THIS IS NOT A SOLICITATION FROM A LAWYER.</u>

# If You Purchased Services from InventHelp or Western InventHelp During the Time Period from January 1, 2014 to June 30, 2021, Your Rights May Be Affected by a Class Action Settlement

***What is this Litigation about?*** The Plaintiffs in the Litigation purchased invention services from InventHelp or Western InventHelp, and allege violations of the American Inventors Protection Act, 35 U.S.C. 297(b), and breach of contract against InventHelp, Western InventHelp, and affiliated entities.[1] Plaintiffs contend the InventHelp Defendants failed to perform invention services as promised and misrepresented those services, and that the Frost Defendants failed to perform patent-related services as promised. Defendants[2] dispute the allegations in the Litigation and deny that they are or may be liable for any of the claims asserted. ***The Court has not made any judgment or other determination of Defendants' liability in the Litigation.***

***Why did I get this Notice?*** You received this Notice because a Class Action Settlement Agreement was reached in the Litigation and the InventHelp Defendants' records show that you are a potential member of the Settlement Class described below. Under the Settlement, if you submit a valid and timely claim confirming your eligibility with very limited exceptions (set forth below), you may receive a payment and/or other benefits (explained below). You may also receive certain credit repair assistance.

***What do I need to do?*** You can make a claim online at the Settlement Website, www.IHSettlement.com, you can submit your claim by email to info@IHSettlement.com, or U.S. Mail or hard copy delivery to InventHelp Settlement, c/o Settlement Administrator, 1650 Arch

---

[1] "InventHelp Defendants" means InventHelp and Western InventHelp, along with Technosystems Service Corporation, Technosystems Consolidated Corporation, Universal Payment Corporation, Intromark Incorporated, and Robert Susa. "Frost Defendants" means Thomas Frost, P.A. and Thomas Frost.

[2] "Defendants" includes the InventHelp Defendants and the Frost Defendants.

Street, Suite 2210, Philadelphia, PA 19103. **The deadline to submit a claim under the Settlement is [insert].**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR LEGAL RIGHTS WILL BE AFFECTED, AND YOU HAVE A CHOICE TO MAKE NOW.**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS | | DEADLINE |
|---|---|---|
| SUBMIT A CLAIM | With very limited exceptions (set forth below), submitting a claim is the only way to receive benefits under the Settlement. | [Deadline] |
| EXCLUDE YOURSELF, I.E. OPT OUT | If you exclude yourself, you will get no payment or benefits from the Settlement. This option allows you to keep your right to independently sue the Defendants for claims related to this case. If you opt out, you will not be bound by the terms of the Settlement, but you will also not be entitled to submit a claim for benefits from the Settlement. You must follow the procedure described below for opting out of the Settlement. | [Deadline] |
| OBJECT TO THE SETTLEMENT | You can write to the Court about why you object to the Settlement and think it should not be approved. You must follow the procedure described below for objecting to the Settlement. | [Deadline] |
| FINAL APPROVAL HEARING | The Court will hold a Final Approval Hearing on [Hearing Date], at which time it will decide whether to grant final approval of the Settlement. You (or your attorney) may, but are not required to, speak at the Final Approval Hearing, only if you have submitted a timely written Objection. If you (or your attorney) intend to speak at the Final Approval Hearing, you must include your intention to do so in the written Objection. | [Final Approval Date] |
| DO NOTHING | If you do nothing, and with very limited exceptions (set forth below), you will get no payment or benefits from the Settlement and give up your rights. | No Deadline |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- Please note that payments and other benefits will be made only if the Court grants final approval and the Settlement becomes effective. The date and time of the Final Approval Hearing is subject to modification by the Court, so check www.IHSettlement.com for updates.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION ABOUT THE SETTLEMENT**

BASIC INFORMATION ................................................................................................................. 3

WHO IS IN THE SETTLEMENT ................................................................................................... 4

THE SETTLEMENT BENEFITS ................................................................................................... 4

HOW TO GET A PAYMENT—MAKING A CLAIM ..................................................................... 9

THE LAWYERS REPRESENTING YOU ..................................................................................... 10

EXCLUDING YOURSELF FROM THE SETTLEMENT ................................................................ 11

COMMENTING ON OR OBJECTING TO THE SETTLEMENT .................................................... 12

THE COURT'S FINAL APPROVAL HEARING ......................................................................... 13

IF I DO NOTHING ....................................................................................................................... 13

GETTING MORE INFORMATION .............................................................................................. 13

## BASIC INFORMATION

### 1. Why did I get this Notice of Proposed Class Action Settlement?

You received this Notice because you may be a "Settlement Class Member," meaning that you are a U.S. resident who purchased services from InventHelp or Western InventHelp during the time period from January 1, 2014 to June 30, 2021. The Court overseeing this case authorized this Notice because Settlement Class Members have the right to know about a class action settlement affecting their rights.

### 2. What is a class action?

In a class action, one or more people, called plaintiffs, file a lawsuit on behalf of themselves and other people who may have similar claims. This group of people is called the "class" and the people in the class are the "class members." A court can decide to certify a class of people for the purpose of settling the claims of all those similarly situated in the lawsuit. The court resolves the issues for all class members, except for people who exclude themselves from the class.

### 3. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants in this Litigation. The Parties took discovery, engaged in motion practice, and participated in multiple mediation sessions overseen

by experienced mediators, and held numerous settlement conferences. The Settlement avoids the costs and risks of continued litigation and a trial and provides compensation for Settlement Class Members without the delay and uncertainty of trial. The Plaintiffs and their attorneys believe the Settlement is in the best interests of the Settlement Class Members.

## WHO IS IN THE SETTLEMENT

### 4. Who is in the Settlement?

Everyone who fits the following description is a Settlement Class Member:

> All United States residents who purchased services from any of the InventHelp Defendants from January 1, 2014 to June 30, 2021. The Settlement Class excludes: (a) employees/officers/agents of the InventHelp Defendants or (b) any judicial officer assigned to the Litigation.

### 5. What should I do if I am still not sure whether I am included?

If you are not sure whether you are included in the Settlement Class, you can ask for free help by emailing the Settlement Administrator at info@IHSettlement.com or calling the Settlement Administrator at 1-833-691-6611 for more information.

## THE SETTLEMENT BENEFITS

### 6. What benefits does the Settlement provide?

The Defendants have agreed to provide certain cash payments and other benefits to Settlement Class Members summarized as follows:

> (i) $3 million to be paid into a Gross Settlement Fund;

> (ii) $20 cash in addition to and outside the Gross Settlement Fund for each of the fully paid BIP Agreement Customers that submit a Claim Form deemed timely and valid by the Settlement Administrator;

> (iii) a $20 credit in addition to and outside the Gross Settlement Fund against the outstanding balance (or credit entirely cancelling your debt if the existing debt is $20 or less) for each of the not fully paid BIP Agreement Customers that submit a Claim Form deemed timely and valid by the Settlement Administrator;

> (iv) an $800 credit in addition to and outside the Gross Settlement Fund against any outstanding balance owed to the InventHelp Defendants (or a credit entirely canceling your debt if the existing debt is $800 or less) or $3,000 in services (as described below) for each

of the SUB Agreement Customers Not Fully Paid and Open that submit a Claim Form deemed timely and valid by the Settlement Administrator;

(v) a $1,500 credit in addition to and outside the Gross Settlement Fund against any outstanding balance owed to the Inventhelp Defendants (or a credit entirely canceling your debt if the existing debt is $1,500 or less) for each of the SUB Agreement Customers Not Fully Paid and Charged Off or Canceled;

(vi) a *pro rata* payment of up to $250 from the Net Settlement Fund plus $3,000 in services (as described below) for each of the SUB Agreement Customers who are Fully Paid that submit a Claim Form deemed timely and valid by the Settlement Administrator; and

(vii) Credit repair & negative tradeline deletion request services as set forth in the Settlement Agreement.

More specifically:

**If you are a BIP Agreement Customer** who is fully paid with respect to your Basic Information Package Agreement, you are entitled to submit a Claim Form and receive a cash payment of $20. If you are a BIP Agreement Customer who is not fully paid, you are entitled to submit a Claim Form and receive a $20 credit against any outstanding balance (or a credit entirely canceling your debt if your existing debt is $20 or less).

**If you are a SUB Agreement Customer who has not fully paid with respect to your Submission Agreement and the amount you owe has not been charged off or cancelled ("Not Fully Paid and Open")** as of November 19, 2021, you are entitled to submit a Claim Form *electing one of the following two (2) options*: (1) an $800 credit (or a credit entirely canceling your debt if the existing debt is $800 or less) to be applied against your outstanding balance; OR (2) certain invention services valued at not less than $3,000 consisting of:

    a) Inclusion of your idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by you). To the extent either show is cancelled for reasons beyond InventHelp's control (*e.g.*, on account of the COVID-19 pandemic), InventHelp may provide the service for you at the 2025 national licensing show; <u>and</u>

    b) Inclusion of your idea or invention by InventHelp (in addition to the service already provided for in paragraph K of your existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which you are already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Settlement becomes final.

**If you are a SUB Agreement Customer who has not fully paid with respect to your Submission Agreement and the amount you owe has been charged off or cancelled ("Not Fully Paid and Closed")** as of November 19, 2021, you will automatically receive a credit of

$1,500 per person (or a credit entirely canceling your debt if the existing debt is $1,500 or less), to be applied against your outstanding balance without having to submit a Claim Form.

**If you are a SUB Agreement Customer who has fully paid** as of November 19, 2021 you are entitled to submit a Claim Form and receive a cash payment up to $250 as well as the following invention services, valued at not less than $3,000:

a) Inclusion of your idea or invention by InventHelp in the Virtual Invention Browsing Experience ("VIBE") at either the 2023 or 2024 national licensing show (in addition to any VIBE already purchased by you). To the extent either show is cancelled for reasons beyond InventHelp's control (*e.g.*, on account of the COVID-19 pandemic), InventHelp may provide the service for you at the 2025 national licensing show; <u>and</u>

b) Inclusion of your idea or invention by InventHelp (in addition to the service already provided for in paragraph K of your existing Submission Agreement) in a curated catalog of inventions (that may be provided either before or after any catalog to which you are already contractually entitled to) that is grouped by product area, and that will be published and appropriately distributed by InventHelp to approximately fifty (50) Data Bank companies within a period of one (1) year after the Settlement becomes final.

With the limited exception of SUB Agreement Customers who are Not Fully Paid and Closed, <u>**in order to receive these benefits, you must submit a Claim Form on or before [insert deadline]**</u>.

To submit a Claim, you must use the Claim Form provided with this Notice. You can also get a Claim Form by emailing the Settlement Administrator at info@IHSettlement.com. For more information about the claim process or to view the Claim Form and Settlement Agreement, please visit www.IHSettlement.com.

In addition to the foregoing, the InventHelp Defendants have also agreed to take the following actions with respect to credit repair, negative tradeline deletion requests, and adjustments of reported balance:

a) Within thirty (30) days of the Settlement becoming final and as to those Class Members whose balances are fully eliminated as a result of the Settlement, the relevant InventHelp Defendant(s) shall contact all consumer reporting agencies ("CRAs") to which it (or anyone acting on its behalf) previously has reported information regarding outstanding payments owed by such Settlement Class Member to any of the InventHelp Defendants, and request permanent removal of any negative tradelines previously reported to CRAs in the name of any of the InventHelp Defendants regarding such outstanding payments. A tradeline shall be considered "negative" if it indicates that any payment was missed.

b) Within ninety (90) days of the Settlement becoming final and as to those Class Members whose balances are reduced, but not fully eliminated, as a result of the

Settlement, the relevant InventHelp Defendant(s) shall contact the CRAs and report the modified balance.

c) If at any time following ninety (90) days after the Settlement becomes final for any Settlement Class Member whose balance has been fully eliminated, or following one hundred twenty (120) days from the Settlement becoming final for any Settlement Class Member whose balance has been modified, any such Settlement Class Member determines that any of the CRAs have not complied with the request of the InventHelp Defendants as set forth in this paragraph, then the Settlement Class Member may provide written notice to the InventHelp Defendants, together with copies of any credit reports for which he or she contends the credit reporting has not been properly updated, via email or U.S. Mail at the following addresses:

==[INSERT EMAIL AND US MAIL ADDRESSES]==

In that event, the relevant InventHelp Defendant will, within thirty (30) days, make a second request that the CRAs update the reporting as set forth in this paragraph.

The InventHelp Defendants will also implement the following six (6) "Enhanced Processes":

1. Employ a customer care team to address complaints by Settlement Class Members on a timely basis, and retain a searchable electronic record of any and all such complaints and the InventHelp Defendants' responses.

2. Prepare and implement a written policy for the InventHelp Defendants stating that they will utilize commercially reasonable best efforts to maintain and use with maximum possible accuracy the InventHelp Defendants' Data Bank, such that: (a) the Data Bank is up to date and that names, addresses, and contact information are correct and active; (b) any currently registered Data Bank company is an ongoing and active business that desires to receive the submissions; (c) the registered Data Bank companies selected to match a SUB Customer's invention are companies interested in reviewing inventions and ideas that are relevant to that of the SUB Customer; and (d) the InventHelp Defendants have not submitted the same invention more than once to the same Data Bank company, provided that the InventHelp Defendants can submit an idea to multiple contacts at the same company;

3. Implement a customer outreach program to follow up on customers' satisfaction level regarding InventHelp Defendants' services using commercially reasonable methods for testing and analyzing customer satisfaction;

4. Modify the content of its advertising, including television, radio, print, and online advertising, to remove from their advertising the names of companies, if any, that have not registered in its Data Bank to receive client inventions

5.    Prepare and implement a written policy prohibiting the use of issuing temporary license agreements for the purpose of inflating the figures required by the American Inventors Protection Act, 35 U.S.C. § 297 (a)(3) and (4); and

6.    Prepare and implement a written policy for the InventHelp Defendants stating that they will issue written disclosures to customers prior to a customer entering into a Submission Agreement identifying the estimated timetable for the InventHelp Defendants (or any of them) to complete each of the services they will provide under the Agreement.

## 7. What claims am I releasing if I stay in the Settlement Class?

The "Release of Claims" section of the Settlement Agreement describes the legal claims that you release if you remain in the Settlement Class (*i.e.*, do not opt out), as follows:

In consideration of the Settlement Payment and Settlement Relief specified in the Agreement, and for other good and valuable consideration, the Class Representatives,[3] for themselves and all Settlement Class Members who do not timely exclude themselves from the Settlement, as well as all of their respective heirs, executors, personal representatives, successors, and assigns (together "the Releasing Parties"), release, remise, resolve, waive, acquit, and forever discharge Defendants, their predecessors, successors, assigns, parents, subsidiaries, affiliates, related entities, and all of their past and present agents, directors, officers, employees, shareholders, insurers, representatives, and attorneys (together "the Released Parties") of and from any and all of the Released Claims (as defined below).

The term "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order and Judgment, that any of the Releasing Parties have, had, and/or may have against any of the Released Parties, including but not limited to: (a) the matters alleged and claims asserted in the Litigation and/or claims that could have been alleged therein based on the facts alleged in the complaints filed in the Litigation; (b) InventHelp Defendants' provision of services to any of the Settlement Class Members, including but not limited to the preparation, distribution, or presentation of disclosures applicable to certain of the InventHelp Defendants, advertising and sale of invention services by certain of the InventHelp Defendants, actions, practices or efforts by certain of the InventHelp Defendants in connection with the administration of any customer debt; and/or (c) the Frost Defendants' provision of services to any of the Settlement Class Members (collectively, the "Released Claims"). The Parties

---

[3] Plaintiffs may also be referred to as the "Class Representatives."

shall request that this Release be included in the Final Approval Order and Judgment entered in these cases.

The Class Representatives for themselves and the Settlement Class Members agree and covenant not to sue any of the Released Parties with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum, except for claims related to enforcement of the Agreement or disputes relative to the terms of the Agreement.

Without limiting the foregoing, the Released Claims specifically extend to claims that the Releasing Parties do not know or suspect to exist in their favor at the time that the releases contained herein become effective. This Section includes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Class Representatives for themselves and the Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules, or regulations relating to limitations on releases. In connection with such waivers and relinquishment, the Class Representatives and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever all Released Claims with respect to the Released Parties and, in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

### HOW TO GET A PAYMENT—MAKING A CLAIM

| 8. How do I submit a Claim? |
| --- |

With the limited exception of SUB Agreement Customers who are Not Fully Paid and Closed (addressed above at Question 7), in order to be eligible to receive the benefits related to this Settlement, you must complete and submit a valid and timely Claim Form. There are three (3) ways to do so. Your Claim may be submitted:

    (a) online at www.IHSettlement.com by following the instructions on how to submit a Claim;

(b) by email to the Settlement Administrator using the email address info@IHSettlement.com; or

(c) by U.S. Mail or hard copy delivery to the Settlement Administrator using the address: InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

You can contact the Settlement Administrator to request a Claim Form by telephone 1-833-691-6611, email info@IHSettlement.com, or U.S. Mail or hard copy delivery at InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

**You should complete and submit your Claim as soon as possible if you believe you are entitled to relief under the Settlement.**

## 9. What is the deadline for submitting a claim?

Claim Forms must be postmarked (if sent by any form of U.S. Mail or hard copy delivery) or submitted electronically no later than [DATE].

## 10. When will I get my relief?

The Court will hold a Final Approval Hearing on [DATE], to decide whether to approve the Settlement. Updates about when payments will be made will be posted at www.IHSettlement.com.

### THE LAWYERS REPRESENTING YOU

## 11. Do I have a lawyer in the case?

The Court appointed Shanon J. Carson and Peter Kahana of Berger Montague PC as Lead Class Counsel to represent you and the Settlement Class. You will not be charged for their services.

Shanon J. Carson
Peter Kahana
John "Quinn" Kerrigan
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Email: jkerrigan@bm.net

## 12. Should I get my own lawyer?

You do not need to hire your own lawyer. If you want your own lawyer you may hire one at your own cost.

## 13. How will the lawyers be paid?

Class Counsel, who have not been paid for their services in this litigation since it began, will ask the Court to give final approval to the Settlement at the Final Approval Hearing, and will also ask the Court to approve attorneys' fees of up to $1.5 million, plus up to $150,000 as reimbursement for litigation costs they advanced on the Litigation, to compensate Class Counsel for investigating the facts, prosecuting the Litigation, and negotiating and administering the Settlement. The fees and expenses paid to Class Counsel will <u>not</u> reduce the benefits available under the Settlement.

Class Counsel will also ask the Court to approve service award payments of $3,000 to each of the Plaintiffs (with a single service award for Plaintiffs who are married). If approved, these service awards will not reduce the benefits available under the Settlement.

EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I opt out of the Settlement?

If you do not want to receive any benefits from the Settlement, and wish to keep your right, if any, to independently sue Defendants on your own about the legal issues in this case, then you must exclude yourself from the Settlement Class. This is called "opting out" of the Settlement Class. The deadline for opting out is [DATE]. To opt out, you must send a letter to the Settlement Administrator that includes the following to InventHelp Settlement, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102:

- Your full name, address, telephone number, and email address;
- A statement that "I wish to exclude myself from the Settlement Class in the InventHelp/Frost Class Action Settlement and understand that, by submitting this request, I will not be entitled to any payment or other relief under the Settlement"); and
- Your signature.

If you opt out you will not have any rights as a Settlement Class Member under the Settlement; you will not receive any payment or other benefits under the Settlement; you will not be bound by any further orders or judgments in the Litigation; and you will keep the right to sue on your claims at your own expense.

**COMMENTING ON OR OBJECTING TO THE SETTLEMENT**

| | |
|---|---|
| **15. How do I tell the Court if I object to the Settlement?** | |

If you are a Settlement Class Member and do not opt out of the Settlement, you have the right to object to the Settlement by submitting a written Objection. You cannot ask the Court to order a larger or different settlement; the Court can only approve or deny the Settlement that is before the Court. If the Court denies final approval of the Settlement, there will be no payments or other benefits issued to Settlement Class Members and the case will continue.

If you want to object to the Settlement, you must do so in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney, at your own expense.

To object, you must send a detailed written Objection to the Settlement Administrator. All Objections must clearly state the following:

- Your printed name, address, telephone number, and email address;
- The case name and number (*Austin, et al. v. Invention Submission Corporation, et al.*, No. **2:19-cv-01396;** *Calhoun, et al. v. Invention Submission Corporation, et al*., No. **2:18-cv-01022; and** *Miclaus, et al. v. Invention Submission Corporation, et al.*, No. **2:20-cv-00681**)
- Evidence showing that you are a Settlement Class Member;
- The basis for your Objection;
- Any other supporting papers, materials, or briefs that you wish the Court to consider when reviewing the Objection;
- Your actual written signature; and
- A statement of whether you and/or your counsel intend to appear at the Final Approval Hearing.

To be valid, you must mail your Objection by U.S. Mail or hard copy delivery and it must be postmarked no later than [insert deadline] to InventHelp Settlement, Attn: Objections, P.O. Box 58220, Philadelphia, PA 19102.

**IF YOU DO NOT TIMELY AND PROPERLY OBJECT, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS TO THE SETTLEMENT.**

| | |
|---|---|
| **16. What is the difference between objecting and excluding?** | |

Objecting is telling the Court that you do not like something about the Settlement. You can only object to the Settlement if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and telling the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because it no longer affects you. You cannot both opt out <u>and</u> object to the Settlement. Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a request for exclusion.

## THE COURT'S FINAL APPROVAL HEARING

**17. When is the Court's Final Approval Hearing?**

The Court will hold a Final Approval Hearing at [time] on [date], in Courtroom 3A of the Joseph F. Weis, Jr. U.S. Courthouse, 700 Grant St #3250, Pittsburgh, PA 15219. At the Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are Objections, the Court will consider them. The Court will also consider Class Counsel's motion for approval of attorneys' fees, expenses, and service awards.

The Court may reschedule the Final Approval Hearing or change any of the deadlines described in this Notice. Be sure to check the Settlement Website, www.IHSettlement.com, for any changes. You can also access the case docket via the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.pawd.uscourts.gov.

**18. Do I have to come to the Final Approval Hearing?**

No. Lead Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish.

If you file an Objection, you do not have to come to the Final Approval Hearing to talk about it, but you may choose to speak or have your attorney speak concerning your Objection (at your own expense). If you want to do that, you must state that in your Objection.

## IF I DO NOTHING

**19. What happens if I do nothing at all?**

If you do nothing, you will lose your rights to independently sue Defendants on your own about the legal issues in this case, and you will receive no money or other benefits from this Settlement. The limited exception to receiving no money or benefits is with respect to SUB Agreement Customers who are Not Fully Paid and Closed who, as part of the Settlement, will automatically receive a credit of $1,500 to be applied against their outstanding balance (or a credit entirely canceling their debt if the existing debt is $1,500 or less), without having to submit a Claim Form.

## GETTING MORE INFORMATION

**20. Are more details about the Settlement available?**

Yes. This Notice summarizes the proposed Settlement—more details are set forth in the Settlement Agreement available at www.IHSettlement.com. The Settlement Website contains all relevant information about the Settlement as well as all relevant documents. You can also call toll-free 1-

833-691-6611 or write to the Settlement Administrator at InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. You can also request assistance from Lead Class Counsel using the contact information set forth above.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated: _____, 2022        By Order of the Court

_____
THE HONORABLE PATRICIA L. DODGE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT 3

Mail Date

INSERT PERSONAL CLAIMANT NUMBER

«ClaimantName»

«Addr1»«Addr2»

«City» «State» «Zip»

**RE:    Notice of Deficiency Regarding Claim Form in InventHelp Class Action Settlement**

Dear INSERT NAME:

Thank you for submitting your Claim Form pursuant to the Settlement Agreement in the above-referenced matter. We are the Court-appointed Settlement Administrator. We have reviewed your Claim Form and it is deficient or lacks necessary information for the following reason(s):

- INSERT detailed explanation for the deficiency and how it can be fixed.

- INSERT more bullet points if needed.

Please note that the deficiency(ies) noted above must be cured by you by **INSERT CURE DEADLINE DATE**, which is thirty (30) days from the date this notice letter was mailed to you. You may respond to this notice through the Settlement Website, located at www.IHSettlement.com, by email to info@IHSettlement.com, or by mail to InventHelp Settlement, c/o Settlement Administrator, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103.

If you do not fix the problems identified above by getting back to us within thirty (30) days, by DATE, your claim will be denied by the Settlement Administrator.

Please make sure to include your Personal Claimant Number above to assist us in verifying your identity. Your Personal Claimant Number was also printed on the earlier Notice of Settlement that was mailed to you.

If you have any questions about the settlement, please call us toll-free at 1-833-691-6611, email us at info@IHSettlement.com, or by using the Contact Us form located at the Settlement Website, www.IHSettlement.com. For additional information about the Settlement, please visit the Settlement Website.

Sincerely,
Settlement Administrator

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10,<br><br>Defendants. | No. 2:18-cv-01022<br><br>Magistrate Judge Patricia L. Dodge |
| Carla Austin and Nil Leone, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Invention Submission Corp. d/b/a InventHelp, Western Invention Submission Corp. d/b/a Western InventHelp, Intromark Incorporated, and Technosystems Service Corporation,<br><br>Defendants. | No. 2:19-CV-01396<br><br>Magistrate Judge Patricia L. Dodge |
| Geta Miclaus and Vim and Kevin Byrne, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs, | No. 2:20-cv-681<br><br>Magistrate Judge Patricia L. Dodge |

|  | |
|---|---|
| v. | |
| Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp. d/b/a Western InventHelp, Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING
SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT
CLASS, AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, Plaintiffs and proposed Class Representatives Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone ("Plaintiffs"); Defendants Invention Submission Corporation d/b/a InventHelp, Western Invention Submission Corporation d/b/a Western InventHelp, Technosystems Service Corporation, Technosystems Consolidated Corporation, Universal Payment Corporation, Intromark Incorporated, and Robert Susa (the "InventHelp Defendants"); and Defendants Thomas Frost, P.A. and Thomas Frost (the "Frost Defendants") (the InventHelp Defendants and Frost Defendants are together referenced herein as the "Defendants") have entered into a Settlement Agreement which, together with the Exhibits annexed thereto ("Settlement" or "Settlement Agreement"), sets forth the terms and conditions for a proposed class action settlement of the above-captioned matters (the "Litigation") and for the Litigation's dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs and Defendants are collectively referred to as the "Parties";

WHEREAS, the Settlement is the product of informed, arm's-length negotiations over an extended period of time, and was achieved only after numerous mediation sessions and conferences, including two full-day sessions overseen by an experienced mediator, the Hon. Diane Welsh (Ret.) of JAMS, a former U.S. Magistrate Judge, and, more recently, another full day session overseen by the Court-assigned mediator, the Hon. Lisa Pupo Lenihan, a current U.S. Magistrate Judge, who also oversaw the negotiations between the Parties that followed that mediation session;

WHEREAS, at the time the Parties entered into the Settlement Agreement, they had litigated motions to dismiss and discovery-related motions and taken substantial discovery on the merits of the claims and defenses, including the production and review of thousands of pages of documents, analysis of Defendants' sales practices, services, and pricing, non-party discovery, retention of experts, and analysis of evidence relevant to class certification issues;

WHEREAS, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion") seeking an order: (i) preliminarily approving the Settlement Agreement; (ii) conditionally certifying the Settlement Class defined below for settlement purposes only; (iii) reaffirming Shanon J. Carson and Peter R. Kahana of Berger Montague PC as Lead Class Counsel; (iv) approving the proposed Notice of Settlement and the Notice Plan; (v) appointing the Settlement Administrator; (vi) establishing deadlines and requirements for the submission of Objections to the Settlement; (vii) establishing deadlines and requirements for the submission of Opt-Outs; (viii) establishing the Claim Period and approving the Claim Form and Claim Process; (ix) establishing a date for the Final Approval Hearing; and (x) preliminarily enjoining Settlement Class Members who do not file complete and valid Opt-Out Requests by the

Objection and Opt-Out Deadline from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in the Settlement Agreement.

WHEREAS, Defendants do not oppose Plaintiffs' Motion;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all supporting documents, and has found good cause for entering this Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

## I. <u>PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS</u>

1. The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class defined below. In support thereof, the Court provisionally finds as follows:

    a. The number of Settlement Class Members is too numerous for joinder to be practicable as thousands of Settlement Class Members purchased the services at issue.

    b. There are questions of law and fact common to the Settlement Class which predominate over individualized questions for settlement purposes, including, without limitation, whether Defendants violated the American Inventors Protection Act, 35 U.S.C. 297(b), and engaged in a breach of contract, and whether Settlement Class members sustained harm from Defendants' conduct.

    c. Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement.

d.      Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so.

e.      A class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure.

f.      The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

2.      For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

> All United States residents who purchased services from any of the InventHelp Defendants during the time period from January 1, 2014 to June 30, 2021.

3.      Plaintiffs Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone are appointed as Class Representatives, and Shanon J. Carson and Peter Kahana of Berger Montague PC are reaffirmed as Lead Class Counsel.

## II.     PRELIMINARY APPROVAL OF THE SETTLEMENT

4.      The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through discovery and motion practice, and whose settlement negotiations included mediation sessions supervised by Hon. Diane Welsh (Ret.) of JAMS, and thereafter, U.S. Magistrate Judge Lisa Pupo Lenihan.

5.      The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The consideration provided to the Settlement Class under the Settlement falls within the range of possible recovery and compares favorably with the potential recovery when balanced against the risks of continued litigation. The Settlement provides the Class with valuable and timely settlement benefits, as well as credit repair assistance as stated in the Settlement Agreement, and modifications to InventHelp's customer service and invention promotion processes going forward.

6.      The Court thus preliminarily approves the Parties' Settlement Agreement as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the Settlement Class subject to further consideration at the Final Approval Hearing to be conducted as described below.

**III**.     **APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN**

7.      The Court approves the Parties' proposed Notice of Class Action Settlement, substantially in the form of Exhibit A to the Settlement Agreement, and proposed Claim Form, substantially in the form of Exhibit B to the Settlement Agreement. The proposed Notice Plan set forth in the Settlement Agreement will provide the best notice practicable under the circumstances. The Notice Plan and the proposed Notice of Class Action Settlement are reasonably calculated to apprise Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement, including on the Released Claims as defined in the Settlement Agreement, the anticipated motion for attorneys' fees and expenses, as well as service awards for the Class Representatives, and their rights to participate in, opt out of, or object to any aspect of

the proposed Settlement. Further, the Notice Plan constitutes due, adequate and sufficient notice to Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

8.     The date and time of the Final Approval Hearing as set forth below shall be included in the Notice of Class Action Settlement before dissemination and on the Settlement Website.

9.     The Court hereby appoints Angeion Group, LLC to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate the Settlement Website and a toll-free number, administer the claims process, determine the eligibility of claims, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

10.     The Settlement Administrator's reasonable expenses shall be paid as set forth in the Settlement Agreement (and consistent with the detailed estimate and not-to-exceed cost submitted with Plaintiffs' Motion). In the event the Settlement is not granted final approval by the Court or otherwise fails to become effective, the Settlement Administrator shall not be obligated to repay amounts received, or forego amounts owed, for notice and settlement administration.

11.     Within five (5) business days after entry of this Order, the InventHelp Defendants will provide the Settlement Administrator with a confidential spreadsheet that identifies all individuals in the Settlement Class by name, last known address, last known email address (if available), and last known telephone number (if available).

12.     Within twenty-one (21) days after entry of this Order (the "Notice Date"), the Settlement Administrator shall distribute the Notice of Class Action Settlement and Claim Form attached as Exhibits A and B to the Settlement Agreement, respectively (updated to reflect the issuance of this Order and the deadlines noted herein), to the Settlement Class.

13.     Within fourteen (14) days after the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website and post the Notice of Settlement thereon, and establish the toll-free telephone number, as set forth in the Settlement Agreement.

## IV.     DEADLINES FOR SETTLEMENT CLASS MEMBERS TO SUBMIT CLAIM FORMS, OPT-OUT, OR OBJECT

14.     Settlement Class Members who wish to seek relief pursuant to the Settlement, and who are not entitled to direct relief without submitting a Claim Form, shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked (if sent by any form of U.S. Mail or hard copy delivery) or submitted electronically within the Claim Period as defined in the Settlement Agreement for Settlement Class Members to receive relief under the Settlement.

15.     Any Opt-Out Requests or Objections by Settlement Class Members must be postmarked within 60 days of the Notice Date (the "Objection and Opt-Out Deadline") and comply with all other applicable requirements set forth in the Settlement Agreement.

## V.     THE FINAL APPROVAL HEARING

16.     The Court will hold a Final Approval Hearing on _____, 2022 [approximately 115 days after the date of this Order], at the United States District Court for the Western District of Pennsylvania, Courtroom ___, of the Joseph F. Weis, Jr. U.S. Courthouse, 700

Grant Street, Pittsburgh, PA 15219, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the requirements for certification for settlement purposes under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees and expenses, and for service awards to the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17. Class Counsel's motion for attorneys' fees, expenses, and service awards shall be filed no later than three weeks prior to the Objection and Opt-Out Deadline. Lead Class Counsel's Motion for Final Approval of Class Action Settlement shall be filed no later than three weeks prior to the Final Approval Hearing.

## VI. OBJECTIONS AND APPEARANCES AT THE FINAL APPROVAL HEARING

18. Any member of the Settlement Class who submits an Objection by the Objection and Opt-Out Deadline may appear at the Final Approval Hearing and offer cause why any aspect of the proposed Settlement should or should not be approved as fair, reasonable, and adequate. No person shall be heard or entitled to contest the approval of the Settlement unless that person submits a timely Objection following the procedures in the Settlement Agreement.

19. Any Settlement Class Member who does not submit their Objection by the Objection and Opt-Out Deadline shall be deemed to have waived such Objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement.

20.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally must indicate their intention to appear at the hearing in their Objection. By objecting or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Objection and the subject matter of the Settlement, including but not limited to enforcement of its terms.

21.     To be considered by the Court, the basis of an Objection must be stated in detail and must specify the particular aspect(s) of the Settlement being challenged and the reason(s), if any, for the Objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention. Additionally, any Objection must clearly contain: (i) the objecting Settlement Class Member's printed name, address, telephone number, and email address; (ii) the case name and number (found on the Notice); (iii) evidence that the objector is a Settlement Class Member; (iv) any supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (v) the actual written signature of the Settlement Class Member making the objection; and (vi) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing. A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented, the objector must individually sign the Objection and all attorneys who are involved in any way in asserting the Objection must be listed on the Objection, must file a notice of appearance with the Court, and must disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

## VII. EXCLUSION FROM THE SETTLEMENT CLASS

22.     Any member of the Settlement Class may opt-out of, *i.e.*, request exclusion from, the Settlement, though Opt-Out Requests must be postmarked by the Objection and Opt-Out Deadline. Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must mail the Settlement Administrator a written request to opt out, stating, "I wish to exclude myself from the Settlement Class in the InventHelp Class Action Settlement and understand that by submitting this request, I will not be entitled to any payments or other relief under the Settlement" (or substantially similar clear and unambiguous language). The written request shall contain the Settlement Class Member's printed full name, actual written signature, current address, telephone number, and email address.

23.     Settlement Class Members who submit valid and timely Opt-Out Requests shall have no rights under the Settlement Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Final Approval Order and Judgment in this Litigation.

24.     Any member of the Settlement Class who does not notify the Settlement Administrator of their intent to be excluded from the Settlement Class in the manner set forth in the Settlement Agreement shall be deemed to have waived their right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding and shall be bound by the Settlement and the Final Approval Order and Judgment (if granted), including the release of the Released Claims provided for in the Settlement Agreement.

25.     Opt-Out Requests cannot be made on a group or class basis.

## VIII.  TERMINATION OF THE SETTLEMENT

26.     If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment is not entered or is reversed or vacated on appeal, the Parties shall reserve their rights, including the right to continue with the Litigation and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify a litigation class. All of the following also shall apply:

    a.    All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

    b.    The provisional certification of the Settlement Class pursuant to this Preliminary Approval Order shall automatically be vacated and the Litigation shall proceed as though the Settlement Class had never been certified and such findings had never been made.

    c.    Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

    d.    Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings seeking treatment of the action as a class action.

    e.    The Court's prior orders having nothing to do with Settlement Class certification shall, subject to this Preliminary Approval Order, remain in force and effect.

## IX.  RESERVATION OF JURISDICTION

27.    The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement and may extend any deadlines ordered herein without further notice, though notice of the Final Approval Hearing date shall be posted on the Settlement Website.  Pending final approval of the Settlement, Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are hereby preliminarily enjoined from instituting, commencing, or prosecuting any action, claim, demand, and/or counterclaim with respect to matters arising from the Released Claims against any Released Party in any court or tribunal, unless they submit a timely and valid Opt-Out Request to the Settlement Administrator. Pursuant to 28 U.S.C. §§ 1651(a), the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this action.

28.    Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Approval Hearing and the matters set forth in this Order, are VACATED.

**IT IS SO ORDERED.**

Dated: _____, 2022          _____
                                        Patricia L. Dodge
                                        United States Magistrate Judge